IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| COLONEL JOHN CALE BROWN, SR., and DARLENA BROWN, individually and as parents and next friend of "JC", a minor, | * * * * | |
| Plaintiffs, | * * | CIVIL ACTION FILE NO.: 4:14-CV-279(CDL) |
| v. | * * | |
| FORT BENNING FAMILY COMMUNITIES, LLC, d/b/a VILLAGES OF BENNING and MICHAELS MANAGEMENT SERVICES, INC., | * * * * * | |
| Defendants. | * | |

**ORDER APPROVING SETTLEMENT**

This matter came before the Court on February 21, 2018 for consideration of a settlement reached between the Plaintiffs and Defendant Fort Benning Family Communities (hereinafter referred to as "FBFC") and Defendant Michaels Management Services, Inc. (hereinafter referred to as "Michaels"). On the date above mentioned, the Court conducted a hearing for the following purposes:

    1. For the Court to make all necessary inquires relating to the facts of the case, the alleged liability of Defendants, and the extent of Plaintiffs' injuries and damages in this case;

    2. For the Court to consider the settlement that has been agreed upon by the parties, including the claims on behalf of the minor, JC, and the claims of his parents, John Cale Brown and Darlena Brown.

    3. For the Court to determine if the settlement is in the best interest of the minor child,

and;

    4. For the Court to issue an appropriate order and judgment.

The Court has conducted a hearing in open court. The facts, allegations, and defenses from the case were thoroughly briefed by the parties in their Confidential Consent Motion and Brief For Trial Court's Approval of Settlement and Dismissal of All Claims, as well as in the Motion to Dismiss filed by Defendant FBFC and the accompanying briefs. This Court is further familiar with this case from the facts outlined in the Declaratory Judgment Actions filed by the Defendant's various insurance companies. The Court has considered the statements by Counsel made in open court and has considered the claims of the minor JC. The Court has also considered the defenses presented in this case. Finally, the Court has considered the Answer and testimony of the Court appointed Guardian ad Litem, Virgil Ted Theus.

The Court finds that JC is the minor child of Plaintiffs, John and Darlena Brown. The Court finds that the interests of the minor Plaintiff are well represented by the Guardian Ad Litem. The Court is thoroughly familiar with the proposed testimony that would be offered in this case if it were tried, and the Court acknowledges that Defendants deny any all liability in this action. The Court is aware that JC has suffered various developmental disorders which may have or may not have been caused by lead poison.

The Court finds that JC, a minor of seven (7) years of age, was a resident with his family in a home owned by FBFC and managed by Michaels 's and rented by his father. JC's parents have claimed that the home had unacceptable levels of lead paint and this fact was kept from them by the Defendants. They further allege that JC was permanently injured by lead poisoning. The Defendants deny all of the allegations, and the parties have requested that this Court review the claim of JC and determine if the settlement is in his best interest.

The Court has reviewed and is familiar with the file in this case prior to the pro ami hearing. The Court and the parties acknowledge that by requesting that this Court approve the settlement, the parties fully and expressly consent to the jurisdiction of the Court for the purposes of this hearing and settlement and are thereby bound by any order or judgment rendered by this Court in regard to this pro ami settlement. The Court and the parties acknowledge that this settlement constitutes an accord and satisfaction for any and all past, present or future claims, demands, obligations, actions, causes of actions, damages, costs, expenses and compensation of any nature whatsoever which the Plaintiffs, including JC, may now have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way relating to their occupancy of the properties owned by FBFC or managed by Michaels. This settlement shall completely release and discharge the Defendants.

The total to be paid by Defendants to settle all claims is outlined in the settlement agreement between the parties which has been reviewed by this Court, and the parties have agreed that this settlement is confidential and the non-disclosure agreement signed by the parties is not affected by this order.

The Court finds that Plaintiffs entered into a contingency contract with their attorney Donald Edwards of Atlanta Georgia. However, said counsel has agreed to reduce that fee significantly as well as his recovery of litigation expenses. The Court finds the attorney fees to be fair and reasonable in this case. The Court finds the amounts expended for this case to be fair and reasonable. The parties propose that, except for the reduced attorney fees and expenses, the remaining funds will be placed in an Irrevocable Special Needs trust already established for JC.

The parents, Colonel John Cale Brown, Sr. and Darlena Brown, have provided care and services to JC as a result of his injury; yet, they have agreed, as part of this settlement and to insure the maximum recovery for their son, to waive and release any claim they might have in their individual capacity.  The Court finds this to be fair and reasonable.

Based upon the representations of counsel, the statements of the Guardian ad Litem, and the entire record in this action, it is the opinion of the Court that the proposed settlement in favor of the minor, JC, is reasonable and fair and in the best interest of the minor child.

It is therefore, ORDERED, ADJUDGED and DECREED that:

1. The proposed settlement in favor of JC is in the best interest of the minor and is hereby approved.

2. That Defendants are hereby ordered to pay the amounts to the parties and fund the Irrevocable Special Needs Trust as described in the answer of the Guardian ad Litem and in the Release and Non-Disclosure Agreement within twenty (20) days.

3. That upon payment of said sums, Defendants shall be released and discharged from any and all liability from any claims of all Plaintiffs and JC arising from the incidents giving rise to this lawsuit.

4. That the Plaintiffs' attorney is entitled to be paid a fee as outlined in the answer of the Guardian ad Litem.

5. That the Answer of the Guardian ad Litem shall no longer be a restricted filing with this Court.

6.  That the remaining proceeds from the settlement agreement be placed in the Irrevocable Special Needs Trust for the benefit of JC, the terms of which shall not be altered except by Order of the Court or another court possessing the legal authority to do so.

7.  The Defendants will pay to the Guardian ad Litem, Virgil Ted Theus, Attorney at Law, a fee in the amount of $2,500.00 for services rendered.

12.  That the amount of the settlement remains confidential to protect the privacy interests of the minor child.

This case is hereby DISMISSED WITH PREJUDICE, with costs taxed as paid.

DONE and ORDERED this 22nd day of February, 2018.

S/Clay D. Land
U.S. District Judge Clay D. Land